IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ROBERT C. COOK,

                Petitioner,      :      Case No. 1:17-cv-561

  - vs -                              District Judge William O. Bertelsman
                                          Magistrate Judge Michael R. Merz

WARDEN,
  Chillicothe Correctional Institution

                                    :

            Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Robert Cook to obtain relief from his convictions in the Hamilton County Court of Common Pleas. On Magistrate Judge Litkovitz's Order, Respondent answered by filing the State Court Record (ECF No. 5) and a Motion to Dismiss (ECF No. 6) to which Petitioner has responded (ECF No. 7). The Magistrate Judge reference has been transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division of this Court (ECF No. 8).

**Procedural History**

A Hamilton County Grand Jury indicted Cook on seven sexual offenses (State Court Record, ECF No. 5, PageID 25-29). On April 8, 2013, Cook entered into a plea agreement whereby he pleaded guilty to two counts of rape (Counts One and Four), and the Hamilton County Prosecutor dismissed the remaining charges against him. *Id.* at PageID 30-33. Judge Melba

1

Marsh then sentenced him on May 9, 2013, to the eight-year prison term he is now serving in Respondent's custody. *Id.* at PageID 34-35.

Cook took no appeal within the time allowed by law. Instead, on November 12, 2014, he filed a Motion for Delayed Appeal. *Id.* at PageID 37-38. The First District Court of Appeals overruled that Motion on December 4, 2014. *Id.* at PageID 41. The next month, he filed a Motion to Correct Sentence, in which he claimed that the trial court had not made the findings necessary to sentence him as it had. *Id.* at PageID 42-44. Judge Marsh denied the Motion in a form entry that does not express her reasoning. *Id.* at PageID 45. Cook appealed, raising for the first time a claim of ineffective assistance of trial counsel, claiming that he had been under the influence of "neuro-suppressant" drugs at the time of his guilty plea and it was therefore not knowing, intelligent, and voluntary. *Id.* at Appellant's Brief, PageID 49.

The First District denied relief in a reasoned opinion. *State v. Cook,* 1st Dist. Hamilton No. C-150467 (Mar. 8, 2017) (unreported; copy at State Court Record, ECF No. 5, PageID 63-66). The Supreme Court of Ohio declined to exercise appellate jurisdiction over Cook's appeal. *Id.* at PageID 83. Cook then filed his habeas corpus petition in this Court, pleading the following grounds for relief:

> **Ground One**: Ineffective assistance of counsel.
>
> **Supporting Facts:** While intoxicated with psychotropic drugs, "court-appointed" counsel coerced Petitioner to waive his rights. More importantly, the offenses as alleged did not take place.
>
> **Ground Two:** The court created its own sentence.
>
> **Supporting Facts:** Despite the plain language of the legislature, the lower court did not address the mandatory language of post-release control, double jeopardy, or the truth-in-sentencing guidelines for first-time offenders as mandated.

(Petition, ECF No. 1, PageID 5, 7.)

Respondent has moved to dismiss the Petition with prejudice on two bases: (1) that the Petition is barred by the statute of limitations; and (2) that the claims are barred by Cook's procedural defaults in presenting them to the state courts (Motion to Dismiss, ECF No. 6). Petitioner responds, but only to the timeliness issue (Response, ECF No. 7, PageID 97).

# Analysis

**Statute of Limitations**

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In other words, the one-year statute of limitations runs from the date on which the conviction became final on direct review unless a petitioner can establish a later date. Cook's conviction became final when his time for direct appeal of right expired, which was thirty days after conviction: June 10, 2013. The Petition was not filed until Cook deposited it in the prison mail system on August 22, 2017 (Petition, ECF No. 1, PageID 15.

Petitioner claims that the statute of limitations began to run on an unspecified later date, due to his having been treated with "neuro-suppressant" drugs while in the Hamilton County Justice Center prior to his plea. Yet, he offers absolutely no proof that he was thus treated[1], of the period during which the treatment occurred, or of the effects of these drugs which he claims would have made his plea involuntary. The record reflects that he was transported to the Ohio Department of Rehabilitation and Corrections after sentencing[2], but he does not aver that treatment with these drugs continued or for what period. Thus, he has not shown either that: the drugs interfered with his ability to file in a timely manner; or the date on which he learned of the treatment, so as to be able to allege the drugs prevented him from making a valid guilty plea.

Because the Petition was not filed until more than four years after the conviction became final, the Petition is barred by the statute of limitations and should be dismissed on that basis.

---

[1] He has filed an Affidavit with his Response (ECF No. 7, PageID 101), but this Court is precluded from considering the Affidavit by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

[2] His Notice of Appeal shows an address of the Chillicothe Correctional Institution at least as early as November 2014.

**Procedural Default**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*: *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.

> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d at 138; *accord*: *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

With respect to Cook's claim that he was provided ineffective assistance of trial counsel when his counsel "coerced" him into pleading guilty while he was rendered incompetent to do so by the "neuro-suppressant" drugs, that claim should have been presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21, because it involves facts that are not of record. But Cook never filed a petition for post-conviction relief at all. His Motion to Correct Sentence did not include these allegations, which he only added to the case when he appealed from denial of that Motion. The First District enforced against him the Ohio rule that a person may not raise a claim for the first time on appeal. Indeed, it found that rule barred it from considering that claim as a matter of lack of jurisdiction. *State v. Cook, supra*, PageID 64. The First District also enforced against him the rule that a Common Pleas Court cannot entertain an untimely post-conviction petition, so that even if Judge Marsh had construed the Motion to Vacate as a post-

conviction petition, she could not have granted relief on the alleged sentencing violations, because the petition was untimely.

Cook claims he can show cause and prejudice to excuse his procedural default because he is actually innocent (Response, ECF No. 7, PageID 99). Although a well-grounded claim of actual innocence can excuse both a violation of the statute of limitations and other procedural defaults, Cook has produced no evidence of actual innocence. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held Congress enacted the statute of limitations in 28 U.S.C. § 2244(d)(1) "consistent with the *Schlup [v. Delo]* actual innocence exception." The *Souter* court also held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled[,] however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter,* 395 F.3d at 590. Cook offers no evidence of actual innocence at all.

In explaining his Second Ground for Relief, Cook mentions that the deficiencies in his judgment of conviction include: (1) the absence of the constitutional right to appeal; (2) the absence of the constitutional protections of the Double Jeopardy Clause; (3) the absence of

7

Separation-of-Powers concerns regarding Post-Release Control; and (4) the absence of the legislative mandates of Ohio felony sentencing. Because his Petition was untimely filed, and his claims are procedurally defaulted, he is not entitled to merits consideration of those claims in this Court. However, if the Court were to reach the merits, it would not grant relief on any of these four sub-claims. Briefly stated, there is no federal constitutional right to appeal a state criminal sentence. There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), *cited as still good law in Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *accord*: *Halbert v. Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

State of Ohio requirements for separation of powers and guidelines for felony sentencing are matters of state law not enforceable in federal habeas corpus. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Barclay v. Florida,* 463 U.S. 939 (1983); *Smith v. Phillips*, 455 U.S. 209 (1982). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall, C.J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018) (Thapar, J., concurring).

**Conclusion**

Petitioner's claims are barred by the statute of limitations and by his procedural defaults in presenting them to the Ohio courts. The Petition should therefore be dismissed with prejudice.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 6, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).